PUBLIC SERVICE COMMISSION FOR THE FIRST DISTRICT, Petitioner, *v.* BROOKLYN BOROUGH GAS COMPANY, Defendant.

(Supreme Court, Kings Special Term, August, 1918.)

Public Service Commissions Law, § 74 — court should act in accordance with the spirit of the statute regardless of other proceedings pending in the court — when judgment in equitable action not recognized as binding in this proceeding — injunctions — mandamus.

The court, whenever called upon in a proceeding brought under section 74 of the Public Service Commissions Law which provides that in case of default in answer, or after answer, " the court shall immediately inquire into the facts and circumstances in such manner as the court shall direct without other or formal pleadings, and without respect to any technical requirement," should act in accordance with the spirit of the statute as well as its letter without regard to the proceedings in any other form of action pending in court, and, if it finds that sufficient reason exists for its interference, it should act promptly and efficiently to sustain the public service commissions in the just and lawful exercise of those governmental functions, powers and duties vested in them, and without the power of enforcement of which the usefulness of the commissions would be utterly destroyed.

Prior to October 1, 1913, the defendant, the Brooklyn Gas Company, pursuant to statute (Laws of 1906, chap. 125) had been for some time charging one dollar per 1,000 cubic feet for gas furnished to private consumers. An order of the public service commission made July 8, 1913, fixing the price to be charged by defendant at ninety-five cents per 1,000 cubic feet went into effect October 1, 1913, and defendant complied therewith until sometime after August 1, 1918. The said statute of 1906 was amended by chapter 604 of the Laws of 1916 so as to make the maximum rate to be charged for gas throughout the borough of Brooklyn eighty cents per 1,000 cubic feet, but defendant neither complied with the statute as amended nor was it enforced against it. Thereafter defendant brought an action in equity to have each of said rates declared confiscatory and void as to it and the referee to hear and determine held that the eighty-cent rate was confiscatory and invalid as to

**316**. Public Serv. Comm. *v*. Brooklyn Borough G. Co.

Supreme Court, August, 1918.                    [Vol. 104.

defendant from the time of the passage of the act of 1916 and that the ninety-five-cent and one-dollar rates had been superseded by said statute of 1916. Without the consent of the public service commission and without complying with the Public Service Commissions Law in any respect the defendant took steps to declare that it fixed a rate of one dollar and twenty-five cents per 1,000 cubic feet to be charged for its product beginning August 1, 1918. Since the present proceeding brought under section 74 of the Public Service Commissions Law to restrain such proposed action by defendant, judgment has been entered upon the referee's report which determines the eighty-cent rate fixed by the statute of 1916 to be void and enjoins its enforcement and also determines that the order of the public service commission fixing the ninety-five-cent rate has been superseded by the statute of 1916 and enjoins the defendants in that action, among them the petitioner here, " from in any way enforcing or attempting to enforce said order as against the plaintiff," the defendant herein. *Held,* that the entry of such judgment on behalf of the defendant is a violation of an order granted before the entry of such judgment, which stayed pending the determination of the present proceeding " all acts and proceedings by the said Brooklyn Borough Gas Company in the matter or by way of demanding, exacting, charging or collecting  \*  \*  \*  a higher rate or price for gas than the maximum of ninety-five cents for the maximum for one thousand cubic feet, fixed in and by the order of the public service commission, dated July 8, 1913," and that said judgment cannot be recognized as in any way binding in the present proceeding.

The statute of 1916 never went into effect as against defendant and, hence, was inoperative to repeal as to it the provisions of the statute of 1906 fixing the one-dollar rate which remained and still remains the maximum rate fixed by statute for defendant, and the ninety-five-cent rate fixed by the commission remained and still remains the highest rate which defendant is entitled to charge, and the prayer of the petitioner herein for an injunction and mandamus is granted.

Application for an injunction and mandamus.

William L. Ransom and H. M. Chamberlain, for petitioner.

Bassett, Thompson & Gilpatric (Wilson W. Thompson, of counsel), for defendant.

William P. Burr, corporation counsel, by John P. O'Brien, assistant corporation counsel, for city of New York, intervenor.

Merton E. Lewis, attorney-general, by Samuel Berger, deputy attorney-general, intervening.

Harry E. Lewis, district attorney of Kings county, by John E. Ruston, assistant district attorney, *amicus curiæ.*

A. W. Dennen, for consumers residing in district served by defendant, intervening.

BENEDICT, J.   This is a statutory proceeding, brought in this court by the public service commission for the first district under the provisions of section 74 of the Public Service Commissions Law for an alleged or threatened violation of law on the part of the Brooklyn Borough Gas Company. It was begun by an order of this court granted by me and dated on August 5, 1918, requiring the company to answer the petition on August sixth, and providing for a hearing upon the petition on August seventh, at Special Term, Part III, of this court. Upon the last mentioned date the company asked for further time to serve its answer to the petition, and the court allowed it until August twelfth, and adjourned the hearing upon the merits until August thirteenth; but I entertained a motion by the company to vacate upon the petitioner's papers the temporary injunction contained in the order of August 5, 1918, and after argument denied such motion.

The defendant's answer was served on August twelfth, and filed on August thirteenth, on which date

evidence was submitted, and counsel for all parties desiring to be heard were fully heard.

On account of the importance to the parties interested of an immediate decision of the questions involved in this proceeding and to admit of a speedy review of such decision, I shall not, in this memorandum, attempt to do more than to state as plainly and briefly as I can the considerations which have led me to the conclusion that the petitioners are entitled to the relief asked for.

Under the express terms of the Public Service Commissions Law the proceeding, under section 74, is intended to be not only summary in its nature but also free from all technicalities. In its wide-reaching scope it is of the greatest usefulness for the protection of the public in the relations sustained by public service corporations supplying gas or electricity to the public. It is designed to afford to the Supreme Court a direct and summary visitorial power over these corporations whenever the public service commission charged with their oversight shall be of opinion that they have violated or are threatening to violate the law. The legislature, perhaps foreseeing the difficulties which have at times attended the efforts of the public service commissions to compel this class of corporations to obey the mandate of law or the orders of the commissions, wisely gave to these commissions the right of resort to this court for speedy relief, and wisely vested in this court the power to hear without delay and to determine without technicality the questions so presented to it. In my judgment the legislature intended, by this provision, to abolish the delays and technicalities which in the ordinary course of judicial proceedings seem inevitably associated with the practice of the law. The court should, therefore, whenever called upon, act according to the spirit of this statute as well as to its

letter; and, if it finds that sufficient reason exists for its interference in this particular class, of cases, it should act promptly and efficiently to sustain the public service commissions in the just and lawful exercise of those governmental functions, powers and duties which the legislature has vested in them and without the power of enforcement of which the usefulness of the commissions would be utterly destroyed.  For this reason a proceeding under this section is paramount in its effect to any other action or proceeding, even if brought in this court, to determine questions involving a breach or disregard of law upon the part of gas or electrical corporations under the jurisdiction of the public service commissions or either of them.  There was, it is true, an action brought in the Supreme Court, in which the defendant in the present proceeding was the plaintiff and the public service commission for the first district and other persons were defendants.  When the present proceeding was begun no judgment had been rendered in that action, and there then was no binding adjudication by this court of the questions now presented in the present proceeding.  This court, having taken jurisdiction of the proceeding and having the defendant corporation before it, can and should judicially examine and decide the questions presented herein in pursuance of section 74 of the Public Service Commissions Law, without regard to the proceedings in any other form of action pending in the courts. Were this not true the legislative intent in making the provision in question would plainly be nullified and set at naught; because any gas or electrical corporation upon being haled into court under this statute for its misdeeds could secure long and vexatious delays and even ultimately defeat justice by suits in equity to review the action of the public service commission in its case.  If such procedure could be tolerated all

advantage in vesting power in public service commissions to control these public service corporations would be lost; and such corporations could readily tie the hands of the public service commissions by suits in equity, wherein the legal machinery of the courts could be clogged by injunctions, stays and appeals and all the other dilatory and technical procedure, which are the reproach of our system of jurisprudence. And so we find that this section 74, written into our Public Service Commissions Law as originally passed in 1907 and continued without change until the present time, wisely provided that, "In case of default in answer or after answer, the court shall immediately inquire into the facts and circumstances in such manner as the court shall direct without other or formal pleadings, and without respect to any technical requirement." I hold, therefore, that no judgment of the court in any other form of action can deprive the public service commission of the right to apply to this court for relief under section 74 nor deprive this court when thus applied to of the power to exercise the jurisdiction thereby conferred.

Since this proceeding was instituted, and on August thirteenth, the defendant here has caused the referee's report in the equity action* to be filed and a judgment to be entered thereon which determines the eighty-cent rate fixed by chapter 604 of the Laws of 1916 to be void, and enjoins its enforcement, and which also determines that the order of the commission fixing the ninety-five-cent rate has been superseded by chapter 604 of the Laws of 1916, and enjoins the defendants in that action, among them the petitioner here, "from in any way enforcing or attempting to enforce said order as against the plaintiff," the defendant here. The

* See 17 St. Dept. Reports, 81.— [REPR.

entry of such judgment on behalf of the defendant here was, in my opinion, a violation of the order made by me on August fifth, which stayed pending the determination of this proceeding " all acts and proceedings by the said Brooklyn Borough Gas Company, in the matter or by way of demanding, exacting, charging or collecting * * * a higher rate or price for gas than the maximum of 95 cents per one thousand cubic feet, fixed in and by the order of the Public Service Commission, dated July 8, 1913." It was strenuously contended by counsel for the defendant that this stay did not prevent the entry of the judgment. But it may be asked, what more effective way could be taken of " demanding, exacting, charging and collecting " a higher rate than ninety-five cents, than to enjoin the public service commission from enforcing the order fixing that rate? I cheerfully exonerate the defendant and its counsel from any intention to violate the court's order of August fifth; but, inasmuch as the entry of the judgment in the form aforesaid was a violation of that order, that judgment cannot be recognized in this proceeding as in any way binding, in so far as it purports to deal with the ninety-five-cent rate.

The Court of Appeals has recognized the importance of the public service commissions as governmental agencies in the case of *People ex rel. N. Y. & Queens Gas Co.* v. *McCall,* 219 N. Y. 84, where the court, speaking by Cuddeback, J., said: " The public service commissions were created by the legislature to perform very important functions in the community, namely, to regulate the great public service corporations of the state in the conduct of their business and compel those corporations adequately to discharge their duties to the public and not to exact therefor excessive charges. It was assumed perhaps by the legislature that the members of the public service commissions would

21

acquire special knowledge of the matters intrusted to them by experience and study, and that when the plan of their creation was fully developed they would prove efficient instrumentalities for dealing with the complex problems presented by the activities of these great corporations. It was not intended that the courts should interfere with the commissions or review their determinations further than is necessary to keep them within the law and protect the constitutional rights of the corporations over which they were given control."

The regulation of gas companies is provided for in article 4 of the Public Service Commissions Law. The provisions having a particular bearing on the present case are as follows:

"All charges made or demanded by any such gas corporation * * * for gas * * * or any service rendered, or to be rendered, shall be just and reasonable and not more than allowed by law or by order of the commission having jurisdiction. Every unjust or unreasonable charge made or demanded for gas * * * or any such service, or in connection therewith, or in excess of that allowed by law or by the order of the commission is prohibited." Pub. Serv. Comm. Law, § 65, subd. 1.

" Each commission shall within its jurisdiction:

" 1. Have general supervision of all gas corporations * * * having authority under any general or special law or under any charter or franchise to lay down, erect or maintain * * * pipes, conduits, ducts or other fixtures in, over or under the streets, highways and public places of any municipality, for the purpose of furnishing or distributing gas," etc. Id. § 66, subd. 1.

" Whenever the commission shall be of opinion, after a hearing had upon its own motion or upon complaint, that the rates or charges * * * of any such

person, corporation or municipality are unjust, unreasonable, unjustly discriminatory or unduly preferential or in anywise in violation of any provision of law, the commission shall determine and prescribe the just and reasonable rates and charges thereafter to be in force for the service to be furnished notwithstanding that a higher rate or charge has heretofore been authorized by statute.'' Id. subd. 5.

'' Unless the commission otherwise orders, no change shall be made in any rate or charge, * * * which shall have been filed and published by a gas corporation * ' * * in compliance with an order of the commission, except after thirty days' notice to the commission and publication for thirty days as required by order of the commission.'' Id. subd. 12.

The commission may waive this requirement. Id.

Section 71 provides for the making of complaints to the commission having jurisdiction concerning, among other things, the price of gas. Section 72, after providing for notice to the person or corporation affected by the complaint and for a hearing and investigation, provides that '' the commission within lawful limits may, by order, fix the maximum price of gas * * * not exceeding that fixed by statute to be charged by such corporation or person, for the service to be furnished. * * * The price fixed by the commission under this section or under subdivision five of section sixty-six shall be the maximum price to be charged by such person, corporation or municipality for gas * * * for the service to be furnished within the territory and for a period to be fixed by the commission in the order, not exceeding three years except in the case of a sliding scale, and thereafter until the commission shall, upon its own motion or upon the complaint of any corporation, person or municipality

**324** Public Serv. Comm. *v.* Brooklyn Borough G. Co.

Supreme Court, August, 1918.        [Vol. 104.

interested, fix a higher or lower maximum price of gas * * * to be thereafter charged.''

The facts which appear upon this application are briefly as follows: Prior to October 1, 1913, the Brooklyn Borough Gas Company, the defendant, had been for some time charging for gas furnished to private consumers at the rate of one dollar per 1,000 cubic feet, pursuant to chapter 125 of the Laws of 1906. On the last mentioned date an order of the public service commission of the first district, made July 8, 1913, went into effect fixing the price to be charged by the defendant at ninety-five cents per 1,000 cubic feet. This order was complied with by the defendant until some time subsequent to August first of this year. By chapter 604 of the Laws of 1916, the legislature amended chapter 125 of the Laws of 1906, so as to make the maximum rate to be charged for gas throughout the borough of Brooklyn eighty cents per 1,000 cubic feet. This act was not complied with by the defendant, nor was it enforced against defendant. Thereafter defendant brought the action in equity, above referred to, for the purpose of having declared confiscatory and void as to it the several rates above mentioned of eighty cents, ninety-five cents and one dollar per 1,000 cubic feet. That action was referred to Hon. Charles E. Hughes, as referee to hear and determine. In his opinion, rendered in the latter part of July, he held that the eighty-cent rate was confiscatory and invalid as to defendant from the time of the passage of the act of 1916, and that the ninety-five-cent and one dollar rates had been superseded by the act of 1916, above mentioned. Thereupon the defendant took steps, without any consent of the public service commission and without compliance with the Public Service Commissions Law in any respect, to declare that it fixed a rate of one dollar and twenty-five cents per

1,000 cubic feet to be charged for its product, beginning August 1, 1918. It is to restrain this proposed action, which has not been actually carried into effect, because of the stay already mentioned, except with respect to a small number of slot machine meters, that the present proceeding was brought.

The public service commission claims that the proposed fixing of the rate of one dollar and twenty-five cents is a change of rate, which could lawfully be made only after thirty days' notice to the commission and thirty days' publication, as required by subdivision 12 of section 66 of the act, and, further, that the rate could not be changed without the order of the commission under section 72. It claims that the lawful rate prior to the attempted change was the ninety-five-cent rate fixed by the commission, inasmuch as the eighty-cent statutory rate is declared to be unconstitutional. The defendant, on the other hand, basing its argument on Judge Hughes' opinion, contends that at the time when it attempted to declare a rate of one dollar and twenty-five cents there was no lawful rate fixed either by statute or by the commission, and hence that the defendant was and is entitled to establish any rate it pleases, and is, in this respect, entirely freed from the control of the commission and from the operation of the Public Service Commissions Law.

The act of 1916 was in terms amendatory of the act of 1906. It contained no repealing clause of any kind. It is, of course, well settled as a general rule of law that, if such an amendatory act be declared unconstitutional, it leaves the act attempted to be amended in full force and effect, as if the invalid law had never been enacted. *People ex rel. Farrington* v. *Mensching,* 187 N. Y. 8; *People* v. *Tiphaine,* 3 Park. Crim. 241. In the former of these cases, the opinion by Judge Vann contained an elaborate review of the authorities and

renders unnecessary any discussion of them here. The following excerpt from this opinion is especially pertinent: " The section of 1906 is void, at least in the respect mentioned, and a void thing is no thing. It changes nothing and does nothing. It has no power to coerce or release. It has no effect whatever. In the eye of the law it is merely a blank, the same as if the types had not reached the paper. It neither repealed nor substituted, for as it is void it could do neither. It is folly to argue as to the intent of a section which the Constitution blotted out the instant that the rest of the statute became a law. It never came into existence so as to have an intention. 'An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.' (*Norton* v. *Shelby County,* 118 U. S. 425, 442.) "

By what process of reasoning is the doctrine of these authorities held not applicable to the present case? So far as the ninety-five-cent rate is concerned it is held by the learned referee that the legislature conferred upon the commission no power to fix any rate in excess of the maximum fixed by statute (Pub. Serv. Comm. Law, § 72); that when chapter 604 of the Laws of 1916 was enacted eighty cents became the maximum fixed by statute, and that although this rate is invalid and not binding as to the defendant it was and is valid and binding as to the public service commission, whose rate of ninety-five cents was thereby displaced, and which is now without power to establish any rate in excess of the invalid rate of eighty cents. In answer to the argument that the act of 1916, being invalid to the extent above stated, was ineffective to displace the commission's rate of ninety-five cents, the referee says: " But this argument overlooks the fact that the

80-cent rate is found to be invalid only as against the plaintiff [the defendant here], that is, upon the facts disclosed with respect to the value of its property and the return the rate affords to the plaintiff. The Act of 1916 was valid upon its face, and can be attacked only by those injured,— as to whom it is proved to be confiscatory. * * * The Act of 1916 did not exceed the power of the Legislature so far as the Public Service Commission was concerned, and it was effective to establish the statutory maximum which could not be exceeded by the Commission, although it might be inoperative as against the plaintiff during the period that it failed to afford to the plaintiff a fair return.''

With respect to the contention that the one dollar rate is unaffected by the act of 1916, the referee says: '' The Act of 1916 is not a void Act. It is valid on its face as an exercise of governmental authority in the establishment of reasonable rates, and it is invalid only in so far as it appears that the rate is confiscatory as to a particular complaining party, and when it is found that this ceases to be the case, it becomes enforceable even as to that party. The statute is not invalid as a repealing act, but re-cast the provisions of the earlier statute and fixed a new legislative standard, involving, as already stated, a new measure of the authority of the Public Service Commission.''

The fallacy of this line of argument seems to me to be patent. Can the act of 1916 fixing the eighty-cent rate, being from its enactment invalid and not binding as to defendant, yet be valid as to and binding upon the commission in its relations with defendant? And can it, although invalid as to defendant from its enactment because confiscatory, be nevertheless perfectly valid in so far as it relieves defendant from the restrictions of all previously existing laws and regulations respecting rates? And can we tolerate for a moment

the conclusion to which an affirmative answer to these questions would lead, namely, that defendant is now free to charge any price it pleases for its gas, however extortionate or oppressive, and that the public service commission is powerless to prevent it from so doing? I can see no merit in the suggestion that the act is only conditionally unconstitutional, so to speak, instead of absolutely so. If the conditions exist, and have from the beginning existed, which render the eighty-cent rate invalid as to defendant, then with respect to defendant that rate is not the maximum rate fixed by statute. It is no rate at all for any purpose. It is nothing — binding upon nobody, in so far as defendant's business is concerned. The act of 1916 never went into effect as against defendant, and hence was inoperative to repeal as to defendant the provisions of the act of 1906 fixing the one-dollar rate. This, therefore, remained and still remains the maximum rate fixed by statute for defendant, and the ninety-five-cent rate fixed by the commission remained and still remains the highest rate which the defendant is entitled to charge.

The case of *People ex rel. Municipal Gas Co.* v. *Public Service Commission, Second District* (224 N. Y. 156), relied on by the referee, does not apply. There the public service commission was appealed to to fix a rate in excess of the maximum rate fixed by statute on the ground that by reason of change of conditions since the enactment of the law such maximum rate had become confiscatory. The statutory rate had not, however, been condemned as confiscatory by any court. The public service commission dismissed the petition and this determination was affirmed by the Appellate Division and the Court of Appeals. The case is distinguishable from the present case in that there had been in that case no judicial determination that the maximum rate fixed by statute

was invalid, and the public service commission obviously had no power to make such a determination. Hence it could not have acted otherwise than it did, however inadequate the rate might have been. There is also a further ground of distinction in that in that case the rate complained of was not void from the time of its enactment, as in the present case, but, if void at all, became so subsequently. So that, even if it must be held that, had the eighty-cent rate ever been a valid rate and become effective as to defendant, a holding that it had become confiscatory by reason of subsequently arising conditions would not revive the former lawful rate, yet where as here the rate is determined never to have been valid, it was never effective, and did not supersede the theretofore existing lawful rate. And, as above pointed out, it never was, in fact, put into effect.

Even conceding, for the sake of argument, that the learned referee was right in holding that the earlier rate of ninety-five cents fixed by the commission was superseded by the statutory rate which was afterward found to be invalid, it by no means follows that a new rate can be established by the defendant without action by the public service commission authorizing or at least permitting it to be changed. Pub. Serv. Com. Law, § 72. The ninety-five-cent rate was established pursuant to the order of the commission and it remained the actual rate charged by defendant until its attempted change of rate recently made. To say then that the establishment of the rate of one dollar and twenty-five cents is not a change of rate, but the establishment of an original rate, is entirely incorrect. Indeed, in its complaint in the equity suit, verified subsequently to the taking effect of the act of 1916, defendant expressly admitted that the ninety-five-cent rate

was in force. After alleging the making of the order establishing that rate, it continued: "Said order is still in force, pursuant to section 72 of the Public Service Commissions Law, because the Commission since said order was entered has not fixed a higher or lower maximum price of gas to be charged. Since then plaintiff has been charging 95 cents per 1,000 cubic feet to private consumers."

For these reasons the prayer of the petitioner for an injunction and mandamus will be granted.

Application granted.