Matter of the Petition of the PUBLIC SERVICE COMMISSION FOR THE FIRST DISTRICT under Section 74 of the Public Service Commissions Law, for a Writ of Mandamus against KINGS COUNTY LIGHTING COMPANY.

(Supreme Court, Kings Special Term (Ex-Parte), January, 1919.)

Public Service Commissions Law, § 74 — when obedience to order may be enforced — gas companies — Public Service Commission.

Where the Public Service Commission has made an order directing a gas company to file a schedule of its rates and the forms of its contracts, obedience to said order may be enforced by an application under section 74 of the Public Service Commissions Law.

APPLICATION for a mandamus under section 74 of the Public Service Commissions Law.

William L. Ransom and Edward M. Deegan (William L. Ransom, of counsel), for petitioner.

Ingraham, Sheehan & Moran (Carl A. Rood, of counsel), for respondent.

CROPSEY, J. Upon the argument counsel for the respondent conceded there was no question of fact raised by the pleadings — that the only question was one of law. Hence no proof need be taken and the decision may be made upon the papers.

The commission has ordered each gas company to file a schedule of its rates and the forms of its contracts. The respondent has not complied with this order. The sole question is whether it must do so. The respondent makes two claims, one that the commission had no power to make the order because it had no power to fix the rate, and the other that the statute permits the commission to require the filing only of voluntary rates fixed by the gas companies, and as the respondent is charging a price authorized by the court, the order was improper.

When the legislature has fixed the maximum price for gas the public service commission has no power to allow the charging of a greater rate even though the statutory rate be confiscatory. *People ex rel. Municipal Gas Co.* v. *Public Service Commission*, 224 N. Y. 156. Here the legislature has fixed a rate which the respondent claims is oppressive — and it has an action pending to have it declared unconstitutional. Pending that trial the court has made an order permitting the respondent to charge the rate it had been charging prior to the enactment of the statute which is being assailed.

The respondent contends that under the decision of Mr. Justice Hughes as referee in the *Brooklyn Borough Gas Company Case,* 17 State Dept. Rep. 81, the commission has no power to fix its rates. But whether this be so or not (see *Public Service Commission* v. *Brooklyn Borough Gas Co.,* 104 Misc. Rep. 315) need not be determined here. The order in question does not fix the rate to be charged nor limit or affect it in any way. It merely requires the filing of a schedule stating the rate or rates that are being charged. And it is immaterial for this purpose under what authority the charge is made or whether there is any authority for it — whether it is purely volun-

tary and fixed arbitrarily by the company or pre-
scribed by statute or order of the commission. The
object of the order is to make public the rate charged
and the form of the different contracts used, and inci-
dentally to ascertain if there is discrimination. It
does not affect the rate in any way. It does not pre-
vent the respondent from changing its rate whenever
it pleases. The only restriction is that thirty days
notice of any change must be given. Pub. Serv.
Comm. Law, § 66, subd. 12. The filing of a schedule
under the commission's order has no other effect than
this and does not give the commission any greater
control over the rate to be charged than it would
possess if no schedule had been ordered and filed.
*Public Service Commission* v. *Iroquois Nat. Gas Co.*,
184 App. Div. 285.

The power in the commission to order the filing of
a schedule is expressly given. § 66, subd. 12. It is
entirely independent of its power to fix the rate. The
latter can be done only after a hearing. § 72. The
former is merely one of the administrative measures
taken to advise the public of the rates charged and
the forms of contract made, to the end primarily that
there may be no unjust discrimination. The right to
require the filing of a schedule is wholly independent
of the question of power in the commission to fix a
rate. Whether there is or is not such power is imma-
terial upon this application.

The commission has made the order under the
authority vested in it. The respondent has not com-
plied with it. No sufficient reason is presented for its
disregard. The apprehensions that seem to be felt by
respondent's counsel do not appear to find lodgment
in the papers submitted. The application is granted.

Application granted.