PUBLIC SERVICE COMMISSION FOR THE FIRST DISTRICT, Petitioner, *v.* BROOKLYN BOROUGH GAS COMPANY, Defendant.

(Supreme Court, Kings Special Term for Motions, March, 1919.)

Judgments — when motion to vacate granted — motions and orders — injunctions — statutes — gas companies — Laws of 1916, chap. 604.

In a proceeding where it was held that chapter 604 of the Laws of 1916 fixing eighty cents as the maximum charge for gas, did not repeal chapter 125 of the Laws of 1906 by which such price had been limited to one dollar, or supersede an order made by the Public Service Commission, First District, in 1913, fixing the price at ninety-five cents, a judgment entered

restraining the defendant gas company from charging more than ninety-five cents for gas contained a provision for a modification of the injunction, if it were made to appear that a greater charge " has in any manner prescribed by law become a lawful and reasonable maximum charge." Thereafter the Public Service Commission made an order that the defendant might charge one dollar and ten cents. *Held,* that the act of 1906 was repealed by the statute of 1916 and the order of the public service commission made in 1913 had been superseded and annulled, and that an order amending the judgment so as to permit defendant to charge one dollar and ten cents, though entered by the consent of all parties to the proceeding, was beyond the power of the court to make and a motion to vacate the same is granted.

MOTION to vacate order amending judgment.

Judson Hyatt, assistant corporation counsel, for motion.

Bassett, Thompson & Gilpatric (Wilson W. Thompson, of counsel), opposed.

CROPSEY, J. The judgment herein enjoins the defendant from charging more than ninety-five cents for its product. But it contains the provision that the injunction may be modified where it appears that a greater charge " has in any manner prescribed by law become a lawful and reasonable maximum charge." Later the public service commission made an order that the defendant might charge one dollar and ten cents. Upon this order and the consent of all the parties to this proceeding an order was made amending the judgment by allowing a charge of one dollar and ten cents. Now the city applies for leave to intervene and to have that order vacated. The city is not a party to this proceeding. There was no requirement or need that it should

be. The order was entered regularly upon the consent of all parties legally interested.

But it is contended the court was without power to make the order. And if this be so it should be vacated. The claim rests upon the effect of chapter 604 of the Laws of 1916, fixing eighty cents as the maximum charge for the gas in question. This amended chapter 125 of the Laws of 1906, by which that price had been limited to one dollar. The public service commission acting under section 72 of the Public Service Commissions Law had in 1913 made an order fixing the price at ninety-five cents. In a proceeding brought by this defendant Mr. Justice Hughes, as referee, decided that the eighty-cent rate was confiscatory and so the 1916 act was not enforceable now. He held, though, it might become enforceable later if and when the rate should no longer be confiscatory. He held also that the 1906 act had been repealed by the 1916 act and that the order or regulation of the public service commission had been superseded by it.

Upon these findings the conclusion would seem to follow that so long as the eighty-cent rate remained unenforceable, there was no limit, save what was reasonable, to the charge the defendant could make. And the public service commission could not fix a higher rate than the maximum prescribed by statute, even though that be confiscatory. *People ex rel. Municipal Gas Co.* v. *Public Service Commission,* 224 N. Y. 156.

But in this proceeding the court refused to follow Mr. Justice Hughes' opinion and rendered the judgment mentioned, though the judgment upon Mr. Justice Hughes' report had been entered prior thereto. In this proceeding it has been held that the 1916 act did not repeal the 1906 act or supersede the public service commission's regulation. It seems to me this is incorrect and that the opinion of Mr. Justice Hughes

is the sound one. I am of the opinion that the act of 1906 was repealed and so is not in force, and that the public service regulation has been superseded and annulled. *Brooklyn Borough Gas Co.* v. *Public Service Commission,* 17 State Dept. Rep. 9; *Municipal Gas Co.* v. *Public Service Commission,* 225 N. Y. 89. Being of this opinion I would not have rendered the judgment that was made herein. But it is the judgment of the court unless reversed and orderly procedure requires that it should not be vacated or nullified by the action of another justice sitting in the same branch of the court. But it is urged that is just what was done by the rendering of the judgment in question, for at that time the judgment upon Mr. Justice Hughes' report as referee had been entered determining the questions here involved adversely to the terms of this judgment. If that be so it is no reason, even if it be an excuse, for again unsettling the determination. Even if the judgment is erroneous it should stand till the appellate court has reversed it.

When the order on consent was presented, the question of the validity of the amended judgment was not called to the court's attention and so was not passed upon. If the 1906 act fixing the price at one dollar is still in force, the order of the commission fixing it at one dollar and ten cents is void. And as that is the law of this case it follows that the order amending the judgment must be vacated.

Ordered accordingly.