THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE MUNICIPAL GAS COMPANY OF THE CITY OF ALBANY, Appellant, *v.* THE PUBLIC SERVICE COMMISSION, SECOND DISTRICT, et al., Respondents.

Gas companies — public service commission not vested with power to authorize Municipal Gas Company of Albany to charge a greater price for gas than that fixed by the statute (L. 1907, ch. 227).

1. The assertion that a remedy avoids delay and complexity does not enlarge the power or duty of the court of enforcing, within legislative intention, in presented cases, the valid statutes of the state.

2. The legislature intended to retain unto itself the power of fixing rates for gas exceeding those fixed as the greatest by statutes. In such retention of legislative power there is no violation of a constitutional provision. It has not vested in the public service commission the power to authorize the Municipal Gas Company of the city of Albany to charge a greater price for gas than that fixed as the maximum by chapter 227 of the Laws of 1907. (Pub. Service Commissions Law [Cons. Laws, ch. 48], §§ 64–72.)

*People ex rel. Municipal Gas Co.* v. *Public Service Comm.*, 184 App. Div. 922, affirmed.

(Argued June 3, 1918; decided July 12, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 22, 1918, which confirmed, on certiorari, a determination of the public service commission, second district.

The facts, so far as material, are stated in the opinion.

*Neile F. Towner* for appellant. The public service commission must fix a just and reasonable rate for gas in excess of a rate fixed by a special statute where such statute is confiscatory. (*Willcox* v. *Consolidated Gas Co.*, 212 U. S. 41; *Smyth* v. *Ames*, 169 U. S. 466; *C., M. & St. P. Ry.* v. *Minnesota*, 134 U. S. 418; *Minnesota Rate Cases*, 230 U. S. 352; *Paige* v. *Schenectady Ry.*

*Co.*, 178 N. Y. 102; *Vil. of Saratoga Springs* v. *Saratoga Gas Co.*, 191 N. Y. 146.)  So much of section 72 of the Public Service Commissions Law which limits the commission in fixing a just and reasonable rate for gas is an unlawful discrimination.  (*United States* v. *Bennett*, 222 U. S. 307; 191 N. Y. 149.)

*Alfred B. Cruikshank* for Bronx Gas and Electric Company, intervening.  Sections 65 and 66 of the Public Service Commissions Law taken together constitute and are intended to constitute a complete and perfect scheme based on a broad grant of power to the commission over gas and electric light companies; and so taken together these sections plainly give the commission power and authority to fix the rates to be charged for gas by the relator as well as by all other gas companies within the jurisdiction of the commission.  (*Matter of Quinby*, 223 N. Y. 244.)  The Public Service Commissions Law is remedial in its objects and should be construed so as to effect them.  The construction thereof here under review is narrow and illiberal; and the decision of the commission in this case contravenes the policy, intent and object of the statute.  (*People ex rel. Wood* v *Lacombe*, 99 N. Y. 43; *Vil. of Saratoga Springs* v. *Saratoga Gas Co.*, 191 N. Y. 123; *City of Troy* v. *United Traction Co.*, 202 N. Y. 333; *Matter of Quinby*, 223 N. Y. 244.)  The power to fix rates and the power to require expenditures must be united to be effective; they are united in this act; and there is nothing therein to indicate that there ever was any intention to make an exception of the relator either as to expenditures or as to rates.  (*People ex rel. N. Y. & Q. Gas Co.* v. *McCall*, 219 N. Y. 84; *State ex rel. M. S. R. Co.* v. *P. S. Comm.*, 168 S. W. Rep. 1156; *Matter of Quinby*, 223 N. Y. 244; *People ex rel. U. & D. R. R. Co.* v. *P. S. Comm.*, 171 App. Div. 607; 218 N. Y. 643; *City of Troy* v. *U. T. Co.*, 134 App. Div. 756; 202 N. Y. 333; *People*

*ex rel. W. Ry. Co.* v. *P. S. Comm.*, 158 App. Div. 251; *State ex rel. Webster* v. *Superior Court*, 120 Pac. Rep. 861; *Mt. Union Borough* v. *Water Co.*, 256 Penn. St. 516; *Arlington* v. *B. S. Ry. Co.*, 113 N. E. Rep. 273; *State ex rel. P. S. Comm.* v. *B. & O. R. R. Co.*, 85 S. E. Rep. 714.)

*Lewis E. Carr* for Empire State Gas and Electric Association. If section 72 of the Public Service Commissions Law is considered and construed by itself, that is, without regarding it as a part of a comprehensive scheme to preserve the rights of corporations required to furnish gas and electricity, as well as those of the consuming public, it violates the Fourteenth Amendment of the Constitution of the United States and is invalid and void. (*Vil. of Saratoga Springs* v. *Saratoga G., E. L. & P. Co.*, 191 N. Y. 123; *Pembina Con. Silver Mining Co.* v. *Pennsylvania,* 125 U. S. 181, 188, 189.) If, however, section 72 of the Public Service Commissions Law is considered and construed as a part of the statutory scheme of rate regulation that will be just to the producer as well as to the consumer, it may, under established rules, be so read and applied that no discrimination will result, and it will not be in contravention of the constitutional provision referred to in the preceding point. (*People ex rel.* v. *Hyde*, 89 N. Y. 11; *People ex rel. Mason* v. *McClave*, 99 N. Y. 83; *People ex rel. Gress* v. *Hilliard*, 85 App. Div. 507; 176 N. Y. 604; *Manhattan Co.* v. *Kaldenberg*, 165 N. Y. 1; *United States* v. *D. & H. Co.*, 213 U. S. 366.)

*Ledyard P. Hale* for respondents. The legislature has not only not delegated to the commission the power to increase a gas rate above a statutory limitation, but it has intentionally and specifically withheld such power. (L. 1905, ch. 737, § 17; *Willcox* v. *Consolidated Gas Co.*, 212 U. S. 19; L. 1906, ch. 125; L. 1907, chs. 152, 227;

*People ex rel. U. & D. R. R. Co.* v. *P. S. Comm.*, 218 N. Y. 643; *Matter of Quinby* v. *P. S. Comm.*, 223 N. Y. 244; *Brooklyn B. Gas Co.* v. *P. S. Comm.*, 57 N. Y. L. J. 66.)

*William L. Ransom* and *Harry M. Chamberlain* for Public Service Commission for First District.   Power will not be " implied " to do a thing explicitly prohibited. (*Matter of Quinby* v. *P. S. Comm.*, 223 N. Y. 244; *People ex rel. N. Y. Rys.* v. *P. S. Comm.*, 181 App. Div. 338; *B. B. Gas Co.* v. *P. S. Comm.*, 57 N. Y. L. J. 66.)   The legislature intended to reserve to itself the power to decide when and to what extent statutory rates for gas should be increased.   (*Vil. of Saratoga Springs* v. *Saratoga Gas Co.*, 191 N. Y. 123; *Willcox* v. *Consolidated Gas Co.*, 212 U. S. 19.)   Section 66 of the Public Service Commissions Law does not provide an " independent " procedure and " complete scheme " for the regulation of gas rates.   (*B. B. Gas Co.* v. *P. S. Comm.*, 57 N. Y. L. J. 66.)   The act of April 26, 1907, which fixed the relator's maximum rate for gas, does not contravene the Public Service Commissions Law, and was not repealed, either expressly or by implication, by the enactment of the Public Service Commissions Law.   (*People ex rel. T. A. Ry. Co.* v. *P. S. Comm.*, 145 App. Div. 318; 203 N. Y. 299; *People ex rel. N. Y., N. H. & H. R. R. Co.* v. *Willcox*, 200 N. Y. 423; *Vil. of Fort Edward* v. *H. V. Ry. Co.*, 192 N. Y. 139.)   A public service commission will not and may not itself hold invalid or unconstitutional the limitations which the legislature has placed upon the commission's jurisdiction.   (*Scobey* v. *Great Northern Ry. Co.*, [Mont.] P. U. R. 1915, A. 950, 951; *Matter of Marin Mun. Water Dist.*, [Cal.] P. U. R. 1915, C. 433, 440; *Matter of County of Cochise*, [Ariz.] P. U. R. 1915, D. 220, 221; *Matter of Marysville Lt. & Water Co.*, [Ohio] P. U. R. 1915, D. 374, 376; *Colburn* v. *Nashua St. Ry.*

160  People ex rel. Municipal Gas Co. *v.* P. S. Comm.

[224 N. Y.]                    Points of counsel.                    [July,

Co., [N. H.] P. U. R. 1916, A. 424, 429; *Washington Water Power Co.* v. *Montana Power Co.*, [Idaho] P. U. R. 1916, E. 144, 164; *Director of Posts* v. *Inchausti & Co.*, [Phil. Is.] P. U. R. 1916, E. 849, 853; *Matter of City of Los Angeles*, [Cal.] P. U. R. 1916, F. 593, 629; *Matter of Yuchausti & Co.*, [Phil. Is.] P. U. R. 1917, A. 429, 432; *Allegheny Valley St. R. Co.* v. *Greco*, [Penn.] P. U. R. 1917, A. 723, 727; *Lilbourne Special Road Dist.* v. *St. Louis S. F. R. Co.*, [Mo.] P. U. R. 1917, B. 315, 322.)

*William P. Burr, Corporation Counsel (John P. O'Brien and Edgar J. Kohler of counsel), for respondents.* The words " exceeding that fixed by statute " contained in the Public Service Commissions Law, section 72, expressly withhold from the commission power to authorize increases of gas charges beyond the existing statutory maximum. Relator's claim that section 66 of the statute frees the commission from this limitation, is unsound. (*Willcox* v. *Con. Gas Co.*, 212 U. S. 19; *Vil. of Saratoga Springs* v. *S. G. & El. Co.*, 191 N. Y. 123; 122 App. Div. 215; *Matter of Quinby* v. *P. S. Comm.*, 223 N. Y. 244; *N. S. Co.* v. *United States*, 193 U. S. 197; *People ex rel. U. & D. Ry. Co.* v. *P. S. Comm.*, 171 App. Div. 607; 218 N. Y. 643; *B. U. Gas Co.* v. *City of New York*, 188 N. Y. 338.) There is no merit in the contention that the limitation " not exceeding that fixed by statute " results in a violation of the equal protection of the law provision of the Federal Constitution. Still less is there foundation for the suggestion that the jurisdiction of the commission to increase gas rates can be maintained by holding this alleged unconstitutional portion of the statute void and separable from the remainder. (*C., etc., Ry. Co.* v. *Minnesota*, 134 U. S. 418; *Matter of Janvrin*, 174 Mass. 514; *People ex rel. U. & D. R. R. Co.* v. *P. S. Comm.*, 171 App. Div. 607.) The commission may not reach out to preserve a jurisdiction to

authorize an increase of relator's rates by first adjudging unconstitutional the statute fixing the maximum price which relator may charge for its gas on the ground that such statutory rate is confiscatory in its application to relator. (*People ex rel. U. & D. R. R. Co.* v. *P. S. Comm.*, 171 App. Div. 607; *C., etc., Ry. Co.* v. *Minnesota*, 134 U. S. 418; *Matter of Quinby* v. *P. S. Comm.*, 223 N. Y. 244.)

COLLIN, J.   The relator, Municipal Gas Company of the City of Albany, seeks in this proceeding authorization by the public service commission, second district, to charge designated prices, exceeding one dollar per one thousand cubic feet, for gas furnished in the city of Albany.   The proceeding was instituted May 6, 1918, by the petition of the relator, which alleged, among other things:   The relator was incorporated in July, 1885, and has been and is lawfully engaged in its corporate purpose of manufacturing and selling gas to consumers in Albany at prices fixed by it not exceeding one dollar per one thousand cubic feet; owing to the increased cost of manufacturing and operating, the net earnings from its gas business during the year ending December 31, 1917, were less than four per centum on the value of its property used in the business, and " the constant rise in the cost of production and distribution of gas makes it certain, if war conditions continue, that the total deficit to your petitioner from gas operations during the year 1918, in case present prices for gas are maintained, will be at least $95,000;" a statute passed April 26, 1907 (Laws of 1907, chapter 227), enacts that the relator " shall not charge or receive for gas manufactured, furnished or sold in said city a sum in excess of one dollar per one thousand cubic feet;" under other statutes of the state the relator may be compelled to continue the manufacture and distribution of gas and the continuation at the present

11

prices will result in the taking of the property of relator without just compensation. The public service commission, upon the allegations of the petition and arguments of counsel, dismissed the petition upon the ground the commission was without power by reason of the provisions of section 72 of the Public Service Commissions Law and chapter 227 of the Laws of 1907 to afford the only relief asked for by the petitioner, and denied the relator a rehearing. The Appellate Division affirmed the determination by the order from which the appeal here is taken. The appeal presents the single and clear cut question: Assuming that the price of one dollar per one housand cubic feet is confiscatory, has the legislature vested in the public service commission the power to authorize the relator to charge in the city of Albany a greater price?

Article 4, constituted of sections 64 to 77 inclusive, of the Public Service Commissions Law (Cons. Laws, ch. 48) relates specifically to gas and electrical corporations. Section 72 contains this provision, which in connection with chapter 227 of Laws of 1907, constrained the commission: " After a hearing and after such an investigation as shall have been made by the commission or its officers, agents, examiners or inspectors, the commission within lawful limits may, by order, fix the maximum price of gas or electricity not exceeding that fixed by statute to be charged by such corporation or person, for the service to be furnished, * * *."

It is asserted and argued that section 66 empowers the commission to prescribe, irrespective of section 72, the just and reasonable price to be charged by petitioner. Section 66 relates, as the headnote states, to the general powers of the public service commissions in respect to gas and electricity. It consists of thirteen subdivisions giving the commission power to supervise generally the corporations, to investigate and control the quality

of plants and products, to fix standards of purity, pressure and measurement, to prescribe uniform forms of keeping accounts and records, to require verified reports of a character prescribed, subject to change by the commission, by producing corporations, persons or municipalities, to inspect plants, records, accounts or documents and compel the production of the latter, and the attendance of witnesses and to administer oaths and take testimony, to require the filing of rates, forms of contracts and rules relating to rates, which when filed and published pursuant to order shall not be changed except as prescribed. Each commission shall have within its jurisdiction power to " 5.   *   *   *   Whenever the commission shall be of opinion, after a hearing had upon its own motion or upon complaint, that the rates or charges or the acts or regulations of any such person, corporation or municipality are unjust, unreasonable, unjustly discriminatory or unduly preferential or in any wise in violation of any provision of law, the commission shall determine and prescribe the just and reasonable rates and charges thereafter to be in force for the service to be furnished notwithstanding that a higher rate or charge has heretofore been authorized by statute, and the just and reasonable acts and regulations to be done and observed;   *   *   *."

Section 71 has the headnote: " Complaints as to quality and price of gas and electricity; investigation by commission; forms of complaint." A provision of it, in effect, is, upon the complaint of designated parties, representing consumers, or of a supplying corporation, as to the illuminating power, purity, pressure or price of gas, the proper commission shall investigate through its agents, inspectors and subordinates as to the cause of such complaint. Section 72 has the headnote: " Notice and hearing; order fixing price of gas or electricity, or requiring improvement." A provision of it, in effect, is,

an investigation may be instituted by the commission as to any matter of which complaint may be made as provided in section 71. The commission before proceeding under a complaint or upon its investigation shall afford a hearing to the designated interested parties. " After a hearing and after such an investigation as shall have been made by the commission or its officers, agents, examiners or inspectors, the commission within lawful limits may, by order, fix the maximum price of gas or electricity not exceeding that fixed by statute to be charged by such corporation or person, for the service to be furnished; and may order such improvement in the manufacture, distribution or supply of gas, in the manufacture, transmission or supply of electricity, or in the methods employed by such person or corporation, as will in its judgment be adequate, just and reasonable. The price fixed by the commission under this section or under subdivision five of section sixty-six shall be the maximum price to be charged by such person, corporation or municipality · for gas or electricity for the service to be furnished within the territory and for a period to be fixed by the commission in the order, not exceeding three years except in the case of a sliding scale, and thereafter until the commission shall, upon its own motion or upon the complaint of any corporation, person or municipality interested, fix a higher or lower maximum price of gas or electricity to be thereafter charged. In determining the price to be charged for gas or electricity the commission may consider all facts which in its judgment have any bearing upon a proper determination of the question although not set forth in the complaint and not within the allegations contained therein, with due regard among other things to a reasonable average return upon capital actually expended and to the necessity of making reservations out of income for surplus and contingencies." (Section 72.)

Subdivision 5 of section 66 and sections 71 and 72 relate to the same subject-matter and, manifestly, in legislative intention, are inter-dependent. Sections 71 and 72 prescribe the procedure and concrete remedies through which the general powers given the commission in subdivision 5 of section 66 shall be carried out. The clause, " The price fixed by the commission under this section or under subdivision five of section sixty-six shall be the maximum price to be charged within the territory and for the time prescribed," does not cogently challenge such conclusion. It is always presumed, in regard to a statute, that a reasonable result was intended by the legislature. The legislature did not intend that the restrictive clause of section 72 should be nullified by grounding a complaint or proceeding upon the subdivision 5. Reading the word " or " as the word " and " in the clause last above quoted enables the clause to express correctly the legislative intention. Such reading is permissible in order to give expression to the real enactment. (*People ex rel. Municipal Gas Company of the City of Albany* v. *Rice*, 138 N. Y. 151; *Folmsbee* v. *City of Amsterdam*, 142 N. Y. 118.)

We are urged to decide that the restriction in section 72 does not forbid the commission from fixing rates in excess of a maximum fixed by a statute which it determines confiscatory and invalid; that the commission has been endowed with the power to adjudge a confiscatory statute fixing a maximum price unconstitutional. The question thus presented to us is not between the gas company and the state; it is between the commission and the state. The power can be in the commission through no other than legislative source. The commission can exercise only such powers as have been specially conferred by statute, together with those incidental powers which may be requisite to effectually carry out those actually granted. (*People ex rel. New*

166 People ex rel. Municipal Gas Co. v. P. S. Comm.

[224 N. Y.]                Opinion, per Collin, J.                [July,

*York Railways Company* v. *Public Service Commission, First District*, 223 N. Y. 373.) The legislature empowered the commission to fix by order, in any given case, the maximum price " not exceeding that fixed by statute * * *." The legality of this empowerment and of the restriction upon it is not and cannot be questioned. It matters not between the legislature and the commission that the legislative maximum is confiscatory — even manifestly confiscatory. Did the provision of section 72 read that the commission might fix the maximum price not exceeding for the city of Albany, however, fifty cents per one thousand cubic feet as fixed by a named statute, we can conceive of no ground or reason impeaching its validity. The legislature may, within constitutional limits, withhold from the commission power or jurisdiction as its wisdom or choice may determine. In the present case, chapter 227 of the Laws of 1907 is to be read with or into the provision of section 72. The legislative intention concerning the power of the commission is as clear and certain as it would be did the provision contain the words " not exceeding, however, for the city of Albany, one dollar per one thousand cubic feet fixed by chapter 227 of the laws of 1907 as the maximum for that city." The, chapter 227 may be invalid as to the gas company as a taking of its property without just compensation, but as to the commission it, read with the provision of section 72, is an unmistakable and valid restriction upon the power of the commission. As to the commission, it is not the chapter 227 which is being enforced; it is the provision of section 72 and the chapter is involved only as a legislative boundary of the power bestowed by the sections 65, 66, 71 and 72 upon the commission. The legislature evidently intended to retain unto itself the power of fixing rates exceeding those fixed as the greatest by statutes. We cannot discern in such retention of

legislative power any violation of a constitutional provision.

Because the commission had not the power to afford the gas company the desired or any relief under the allegations and prayer of the petition, it did not err in dismissing the petition. The briefs and arguments of counsel disclose that the company knows that it is not remediless. Its assertion that the remedy here sought avoids delay and complexity may be true, but does not enlarge our power or duty of enforcing, within legislative intention, in presented cases, the valid statutes of the state.

The order should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN and CARDOZO, JJ., concur; McLAUGHLIN, J., dissents.

Order affirmed.