PUBLIC SERVICE COMMISSION FOR THE FIRST DISTRICT, Respondent, *v.* BROOKLYN BOROUGH GAS COMPANY, Appellant.

Second Department, October 3, 1919.

**Public service corporations — gas and electricity — constitutional law — Laws of 1916, chapter 604, unconstitutional as to certain gas company — judgment — res adjudicata — determination in suit in equity conclusive in subsequent summary proceeding brought by Public Service Commission — injunction — when Public Service Commission without power to fix rates — notice of change of rate — filing — appeal — judicial notice — facts occurring subsequent to judgment — judgment modified.**

Where in a suit in equity brought by a gas company in the borough of Brooklyn against the Public Service Commission for the First District it was judicially determined that chapter 604 of the Laws of 1916, amending chapter 125 of the Laws of 1906, so as to fix a minimum rate of eighty cents per 1,000 cubic feet of gas throughout the borough of Brooklyn, was confiscatory and, therefore, unconstitutional as to this particular plaintiff and the enforcement of said act against it was enjoined, and it was also decreed in said suit that as said amendment repealed the prior act a rate of ninety-five cents chargeable by said company formerly fixed by the Public Service Commission was superseded and the said Commission had no further authority to maintain and enforce said rate since the amendment, the judgment as between the parties to said suit became *res adjudicata* and a bar to a subsequent summary proceeding taken by the Public Service Commission under section 74 of the Public Service Commissions Law to enjoin said gas company from charging or collecting more than the rate of ninety-five cents formerly fixed by said Commission and enjoining the collection of any greater charge pending the proceeding.

The previous judgment in the suit in equity between the same parties was, upon being put in evidence before the Special Term at the trial of the subsequent summary proceeding, conclusive upon the court as to every fact found and conclusion of law made in and by that judgment, so far as the same matter was involved.

The rule making the determination of a competent court of the same issue in a prior action between the same parties conclusive upon those parties and the court as well in another action or proceeding, the same issue being directly involved in both, is a matter of substance and cannot be termed a mere technical requirement.

The entry of the judgment in the suit in equity although made after the special proceeding was begun was not a violation of the stay pending the proceeding, as that stay did not in terms forbid such entry.

The court in the present proceeding does not decide whether the judgment holding the act of 1916 invalid as to the gas company revived as to it the former act of 1906.

The decree in the suit in equity judicially determining that said Public Service Commission had no authority to maintain or enforce the previous ninety-five-cent rate imposed upon the gas company and expressly enjoining said Commission from attempting to maintain or enforce said rate should have been accepted in the subsequent summary proceeding as conclusive that the Commission has and had then no right under section 72 of the statute to compel the gas company to maintain the ninety-five-cent rate.

A judgment is *res adjudicata* not only for what is expressly decided but for what is by necessary implication decided in order to sustain it.

The gas company could not enforce any new rate established by it until thirty days after it had given notice to the Public Service Commission of its change of rate and published the same as required by subdivision 12 of section 66 of the statute, and might have been properly enjoined from enforcing a new rate until said time had expired.

The order of the Commission fixing the ninety-five-cent rate, and the gas company's written acceptance thereof, were, in effect, the filing required by section 66 of the statute.

On appeal from an order entered in the special proceeding the court will not take judicial notice of facts occurring subsequent to the judgment appealed from and relating to certain stipulations made between the parties, for the court will only take cognizance of subsequent facts where they show that the appeal should be dismissed because the question has become academic, or that the appellant by taking the benefit of a judgment has become estopped from prosecuting an appeal.

The judgment in the summary proceeding is modified so as to limit its injunction to the date of the order of the Commission fixing the ninety-five-cent rate.

APPEAL by the defendant, Brooklyn Borough Gas Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 16th day of August, 1918, upon the decision of the court after a trial at the Kings County Special Term.

*Edward M. Bassett* [*Wilson W. Thompson* with him on the brief], for the appellant.

*Godfrey Goldmark,* for the respondent.

*Judson Hyatt* [*William P. Burr, Corporation Counsel,* and *John P. O'Brien* with him on the brief], for the City of New York, as *amicus curiæ.*

Mills, J.:

This is an appeal by the defendant from a judgment entered in Kings county upon a determination at the Kings Special Term, in a summary proceeding taken by plaintiff by petition under section 74 of the Public Service Commissions Law (Consol. Laws, chap. 48; Laws of 1910, chap. 480), which judgment enjoined defendant from charging or collecting from private consumers of gas more than at the rate of ninety-five cents per 1,000 cubic feet; with leave to defendant to apply at the foot of the judgment for relief from the injunction " on making it appear that a charge in excess of 95 cents per thousand cubic feet has, in any manner prescribed by law, become a lawful and reasonable maximum charge."

This proceeding was begun by petition dated August 5, 1918, upon which upon that date an order was made at the Kings Special Term, the same justice presiding, directing defendant to appear and make answer at said term on August 6, 1918. The defendant duly filed its written answer on August thirteenth; and the court proceeded at once to take the evidence of the parties, and upon the next day signed the judgment without making any formal written decision or intermediate order. But the justice presiding filed an opinion which gives at considerable length his views and the reasons for his conclusions. (See 104 Misc. Rep. 315.)   As directed by the said preliminary order of August fifth, notice of the proceeding was given also to the corporation counsel of New York city, the Attorney-General of the State and the district attorney of Kings county. Each of those officials appeared before the court upon the hearing, and as well an attorney for consumers so appeared. But upon the argument here only the corporation counsel, of those officials, has submitted a brief.   The said preliminary order also contained a stay of the appellant from charging or collecting at a higher rate than ninety-five cents during the pendency of the proceeding.   Upon appearance of the parties before the court upon the original return day, August sixth, defendant made a motion to vacate that stay, and after quite full argument the presiding justice in effect, although informally, denied that motion, but it does not appear that any order to that effect was entered.

The material facts are undisputed, and are the following:

Defendant supplies gas to private consumers in the thirty-first ward of the borough of Brooklyn, which was formerly the town of Gravesend, and includes Coney Island, and also to such consumers in a part of the thirty-second ward. This proceeding, however, relates only to the thirty-first ward. Chapter 125 of the Laws of 1906 established a maximum rate for the thirty-first ward of one dollar per 1,000 cubic feet after the year 1910. Defendant complied with that requirement and charged at that rate after 1910 until, upon complaint of certain consumers, the petitioner, the Public Service Commission, by order made July 8, 1913, fixed the rate of ninety-five cents per 1,000 cubic feet. That order was accepted by defendant; and that rate was not changed by the Commission before this proceeding was taken and concluded. Chapter 604 of the Laws of 1916 purported to amend the said act, chapter 125 of the Laws of 1906, so as to fix a maximum rate of eighty cents throughout the borough of Brooklyn.* Defendant did not attempt to comply with the latter law, but at once upon its going into effect brought an action in equity in this court, in New York county, against the petitioner herein to have that act declared unconstitutional as confiscatory, and to enjoin its enforcement against it. That action being duly at issue was referred to the Hon. CHARLES E. HUGHES as sole referee to hear, try and determine. On July 24, 1918, he having fully heard the evidence and the arguments of the parties, filed his opinion, which at length discussed the evidence and the questions involved, and stated his views and conclusions, which latter were in effect that the said rate of eighty cents was as to this appellant confiscatory, and that, therefore, it, being the plaintiff therein, was entitled to the relief it asked. The opinion concluded with the statement: " Findings will be signed in accordance with this opinion." (*Brooklyn Borough Gas Co.* v. *Public Service Commission,* 17 State Dept. Rep. 81, 112–114, 121.) Judge HUGHES' report was filed in the New York county clerk's office on August 13, 1918, and judgment thereon immediately entered; and the report and judgment were put in evidence in behalf of the

---

* See, also, Laws of 1917, chap. 666.— [REP.

appellant upon the hearing or trial hereof later upon the same day.   The said report in its conclusions held:

(a) That chapter 125 of the Laws of 1906, as amended by chapter 604 of the Laws of 1916, so far as it fixes the maximum rate of eighty cents, etc., is confiscatory as to the plaintiff, and, therefore, unconstitutional and void as to the plaintiff.

(b) That the rate of ninety-five cents per 1,000 cubic feet fixed by the Public Service Commission by the said order made July 8, 1913, was superseded by said chapter 604 of the Laws of 1916, and that since its enactment " and under the provisions of section 72 of the Public Service Commissions Law, which denies to the Commission authority to fix a rate for gas in excess of that fixed by statute, the said Commission has had, and now has, no authority to maintain or enforce said ninety-five-cent rate and said rate since said enactment has been, and is now, of no force or effect."

(c) That the provisions of chapter 125 of the Laws of 1906 fixing rates as above stated were repealed by said chapter 604 of the Laws of 1916.   Respecting this conclusion it may well here be noted that the referee's opinion shows that his view was that the holding of the act of 1916 invalid as against the appellant did not serve to revive or keep in force the corresponding provisions of the prior act, namely, chapter 125 of the Laws of 1906.

(d) That the plaintiff, the appellant here, was entitled to judgment restraining the defendants from enforcing as against the plaintiff either the eighty-cent rate or the ninety-five-cent rate.   Judgment accordingly was duly entered on August thirteenth, at nine A. M.   The record here does not contain the pleadings in that action.   It contains only the referee's opinion and report and the judgment entered.   We are, therefore, to assume that the findings and conclusions of the referee were within the issues raised by the pleadings.

The opinion of the learned trial justice herein declared that the entry of that judgment by the appellant's attorney was in violation of the said stay contained in the said preliminary order herein, and he emphatically declared that he would pay no attention to that judgment.

Very shortly after the referee had announced his opinion as above stated, and on July 30, 1918, appellant's president

attempted to establish a rate of one dollar and twenty-five cents per 1,000 cubic feet to be charged and enforced after August first, then next; and his said action was ratified by appellant's board of directors on August tenth. On August second notice of that action was given to petitioner, and that notice led to the institution of this proceeding. On August third the Commission issued an order purporting to be made under section 66 of the Public Service Commissions Law, requiring appellant within two days to file with the Commission a schedule showing its rates then in force and the date on which the several charges went into effect, and the authority pursuant to which they were made, and directing that the appellant should file such schedule at least thirty days before any change in rate should go into effect. Thereupon appellant did file with the Commission a schedule showing that its then rate was one dollar and twenty-five cents. Before that filing defendant, appellant, had never filed with the Commission any schedule or been ordered by the Commission so to do.

There was no finding by the referee that the rate of ninety-five cents was confiscatory, although his opinion stated that it did not allow appellant a fair return upon its property, and the report was to the same effect. The report made the invalidity of that rate rest upon the present want of authority in the Commission to maintain or enforce it, and the referee's opinion indicates that he based that conclusion upon his view that the act of 1916, attempting to fix a maximum rate of eighty cents, was effective to prevent the Commission from fixing or maintaining any higher rate, even if the eighty-cent rate was void as to this appellant, because under present conditions confiscatory. From the general tenor of the report and opinion it is perhaps likely that upon the evidence before him the referee would have held the rate of ninety-five cents confiscatory had he taken the contrary view as to the effect of the act of 1916, namely, that its invalidity as to this appellant under present conditions still left in force or revived as to it the former act of 1906.

The opinion of the trial justice herein indicates that he reached his conclusion herein against the appellant upon the following views or grounds, namely:

(a) That the judgment in the other action had been entered

after this proceeding was commenced and in violation of the stay or temporary injunction herein issued on August fifth.

(b) That no judgment in another action could limit the power or duty of the court herein under said section 74 of the Public Service Commissions Law to " immediately inquire into the facts and circumstances   *   *   *   without other or formal pleadings, *and without respect to any technical requirement."* (Italics mine.)

(c) That the adjudged invalidity of the act of 1916 as applied to this appellant did revive as to it the validity of the prior act of 1906 and of the order of the Commission made thereunder July 8, 1913, fixing the rate of ninety-five cents, notwithstanding the contrary decision and judgment in the said other action, and

(d) That even if the said order of July 8, 1913, be no longer in force, yet the attempt of the appellant to establish a rate of one dollar and twenty-five cents is an attempt to change its rate, and that under section 72 of the Public Service Commissions Law that change cannot be made except with the consent of the Commission.   In other words, that even if the act of 1916 did repeal as to this appellant the act of 1906, and was in itself inapplicable to this appellant as to the rate of eighty cents, still under said section 72 the appellant could not change its then existing rate except by proceeding under said section, which requires the consent of the Commission.

In addition, the opinion of the justice states that the respondent Commission claimed before him that in any event the appellant's alleged new rate of one dollar and twenty-five cents could not be effective until thirty days after it filed the same with the Commission as required by section 66 of that law; but I do not find in the opinion any expression of the view of the learned justice upon that particular contention.

Apparently the first thing, and perhaps for the most part the only thing, to be determined by us as to this appeal is whether or not the previous judgment in the other action between the same parties was, upon being put in evidence before the Special Term at the trial hereof, conclusive upon the court as to every fact found and conclusion of law made in and by that judgment, so far as the same matter was involved

in this proceeding. Upon elementary principles it must be held to be so conclusive. Indeed, it is impossible to conceive of any material reason why it should not be held to be so conclusive. The reasons assigned by the learned justice in his opinion seem to be utterly unsound. Certainly the expression in the said section 74, " without respect to any technical requirement," can be given no such effect. The rule making the determination of a competent court of the same issue in a prior action between the same parties conclusive upon those parties and the court as well in another action or proceeding, the same issue being directly involved in both, is a matter of substance and cannot be termed a mere technical requirement. Indeed, the learned trial justice evidently accepted the judgment in the other action as decisive of the issue of the invalidity of the act of 1916 as to the eighty-cent rate thereunder, because he had before him no evidence other than the referee's report in that other action that that rate was confiscatory. That judgment, however, was no more binding upon the Special Term herein as to the eighty-cent rate than it was as to the ninety-five-cent one. The issue as to each was directly involved in and decided by the other action. Even if it be true that the entry of the judgment in that other action on August thirteenth was in violation of the stay in this proceeding by the order of August fifth, as asserted by the learned justice in his opinion, still it is not perceived how even that would affect the binding force of the other judgment. But plainly the entry of that judgment was not a violation of that stay, as that stay did not in terms forbid such entry. Obviously all that was effected by the stay was to prevent appellant from changing its rate during the pendency of this proceeding. Indeed, it is evident that the learned Special Term justice at the first hearing had no idea that the entry of the judgment in the other action would be a violation of the stay in the order of August fifth, because counsel for the appellant herein at the first hearing, in asking for the brief adjournment from August seventh to thirteenth, which was granted to him, urged as his reason therefor that he had been working night and day for five days preparing the report for Judge HUGHES to sign in accordance with his opinion, and the judgment to be entered in that action thereon, and

hoped to have them completed and entered and served that very day, and that that judgment would determine the main questions involved in this proceeding and would dispose of the proceeding. I do not find that the learned justice then in any way intimated any contrary view. Indeed, when the corporation counsel demurred to being pressed so rapidly with the entry of that judgment the learned justice merely remarked: " That is not before me; " and yet at the next hearing on August thirteenth the justice expressed even indignation at the fact that appellant's attorney had presumed in the interim to enter judgment in the other action, and declared that entry to be a violation of the said stay. It looks very much as though that view was an afterthought on the part of the justice; but whether so or not it was manifestly a mistaken view.

The situation thus presented here appears to be anomalous; at least I recall none like it. It may well be briefly summarized thus: On August 13, 1918, this court by its New York Special Term, after full investigation and hearing of all parties and upon ample evidence, adjudged the ninety-five-cent rate invalid and not binding upon the appellant, and enjoined the respondent Commission from enforcing that rate; and yet on the very next day this court by its Kings Special Term, with that judgment in evidence before it, in another action or proceeding, namely, this one, between the same parties, adjudged right to the very contrary, and that too upon no other material evidence as to the facts but really upon those found by the New York Special Term through its referee. That situation is most regrettable. It is naturally designed or at least likely to bring judicial proceedings into public obloquy. The court at the Kings Special Term in this proceeding should have accepted the judgment of this court by the New York Special Term in the other action between the same parties as conclusive as to the validity of the ninety-five-cent rate, as that was one of the issues directly involved and decided by that action; and it may be added that in view of the high character, legal and otherwise, of the learned and distinguished referee by whom the court in that other action made its decision, and the long and patient trial conducted by him, it should not have been an irksome matter for the learned justice at the

trial hereof to have obeyed that general rule and to have accepted the judgment in that other action as decisive.

This conclusion as to the determining force of the judgment in the other action necessitates the reversal of the judgment appealed from here without inquiry on our part into the merits of the difference of opinion between the learned referee and the learned justice as to the important point whether or not the adjudged invalidity of the act of 1916 as to this appellant revived as to it the act of 1906, the justice holding to the affirmative and the referee to the negative of that proposition. For us to express an opinion upon that point would be a mere *dictum*, and such an expression, therefore, should be avoided.

There remains to be considered the last reason assigned by the learned justice in his opinion, namely, that in any event, even if the order of July 8, 1913, fixing the rate of ninety-five cents, has become inoperative, as decided by the referee in the other action, still appellant under section 72 of the Public Service Commissions Law could not change that then existing rate without the consent of the Commission. Respondent's counsel here contends that that judgment is not to be regarded as *res adjudicata* as to the power of the Commission to fix a new rate, as the question of that power was not at issue before the court in that action. I do not appreciate this attempted distinction. As above stated, we have not before us in this record the pleadings in that other action, and have, therefore, to assume that the nominal determinations therein were within the issues. In the referee's report there is a distinct conclusion that the Commission has no authority to maintain or enforce the ninety-five-cent rate; and the judgment expressly so adjudged; and further it enjoined the Commission from attempting to maintain or enforce that rate. It is elementary that a judgment is *res adjudicata* not only for what is expressly decided, but for what is by necessary implication decided in order to sustain it. If it be true as contended in the justice's opinion that under said section 72 the rate of ninety-five cents must stand until the Commission consent to a change, the above-stated conclusion of the referee and provision of that judgment cannot stand, and, therefore, the contrary conclusion to that of the justice is necessarily implied to maintain that provision of the judg-

ment. The conflict between that judgment and this one is self-evident, viz., that one declares that the Commission cannot maintain or enforce the ninety-five-cent rate, while this judgment declares in effect that it can, and at the suit of the Commission enjoins appellant from charging more and thus enables the Commission to do the very thing which that judgment forbids it to do.

My conclusion, therefore, is that the other judgment should have been accepted by the learned justice at Special Term herein as conclusive that the Commission has and had then no right under section 72 to compel the appellant to maintain the ninety-five-cent rate.

It may be noted that although the learned justice in his opinion held that the maximum limit of one dollar imposed by the act of 1906 is still in force, he in the judgment expressly authorized the appellant to apply at the foot of the judgment herein for leave to increase its charge above ninety-five cents. Of course upon that theory an increase of five cents only would be possible, but the application so permitted was not by the judgment so restricted.

The view I have thus taken of the binding force of the judgment in the other action makes it unnecessary to consider the decision of the Court of Appeals in *People ex rel. Municipal Gas Co.* v. *P. S. Comm.* (224 N. Y. 156), as to which the referee and the justice at Special Term herein are of such opposite opinions, the justice holding that the doctrine of that case that the Commission has no power to fix a rate where the statutory rate is invalid as to a particular company as being confiscatory, is limited to a case where such invalidity has not been judicially declared, that is, adjudged; whereas the referee held that that doctrine was of general application.

Upon the argument it was further suggested that as the ninety-five-cent rate was actually in effect, appellant could not enforce any new rate established by it until thirty days after it had, as required by subdivision 12 of section 66 of that law, given notice to the Commission of its change of rate and published the same. It appears that it did not give to the Commission such notice until August 8, 1918. It would seem that this contention is well made; and that, therefore, appellant could not make its change of rate effective until

September 8, 1918, and that the judgment appealed from might properly have enjoined the defendant to that extent. I think that the order of the Commission of July 8, 1913, and appellant's written acceptance thereof, were in effect the filing required by said section 66.

It is also here claimed by the respondent that this court should, from another record upon its files, take judicial notice of certain facts occurring subsequently to the judgment appealed from. Those facts are the following:

After the entry of judgment herein, and the taking of the appeal therefrom, the parties by their respective attorneys entered into a stipulation dated August 28, 1918, to the effect that this appellant would apply to the respondent Commission to fix a new rate, and that upon any appeal from or review asked of the new order so made by the Commission appellant would not question the jurisdiction or power of the Commission to make the same. Thereafter the appellant did apply to the Commission to establish the rate of one dollar and twenty-five cents, and the Commission after due hearing made an order on December 13, 1918, fixing a new rate of one dollar and ten cents, and the appellant in writing accepted that order and agreed to obey it. Thereafter on December 19, 1918, an order was upon consent made at the Kings Special Term, modifying the judgment herein so as to permit that new rate. Then the city of New York applied to the court for leave to intervene and to vacate the latter order, upon the ground that the act of 1906 fixing the maximum rate of one dollar was still in force, and the appellant made a new application to the Commission to establish a rate of one dollar and thirty cents, and the appellant moved to vacate entirely the judgment herein. But the court on March 10, 1919, made an order denying the city's motion to intervene, and vacating the said order modifying the judgment herein. The opinion of the justice presiding indicates that he entertained the same opinion as Judge HUGHES — that the act of 1906 was repealed by the act of 1916, but that he held that he had no right to vacate or modify the judgment herein because it was made at another Special Term, held by another justice. (See *Public Service Commission* v. *Brooklyn Borough Gas Co.*, 106 Misc. Rep. 549.) On the same day by separate order the court denied appellant's motion. Upon appeal here

on May 23, 1919, we affirmed that order.   (188 App. Div. 935.) It is from the record upon that appeal that the respondent asks us now to take judicial notice of those subsequently occurring facts and thereon to modify the judgment appealed from so as to allow the one-dollar-and-ten cent rate, or, at least, if we prefer to do so, affirm with leave to appellant to apply to the Special Term for such modification.   It seems to me that the respondent is thus asking us to do the very thing which upon that appeal from that last order we refused to do, or to permit another Special Term to do the very thing which in that decision we upheld the justice for refusing to do at Special Term.

I conclude, therefore, that we cannot grant that request. Moreover, I think that we cannot so take cognizance of those subsequent facts.   I know of no precedent for so doing. The cases cited by respondent's counsel all dealt with facts which pre-existed the judgment or order appealed from, and might properly have been considered by the court in making the same; whereas in this case those facts did not pre-exist the judgment.   The only instance of taking cognizance of subsequent facts which I can recall is where upon a motion to dismiss an appeal such facts are presented to the court to show that the question involved has by virtue of such facts become merely academic, or that the appellant by those facts, for example by taking the benefit of the judgment or order, has become estopped from prosecuting the appeal. Here neither such situation exists.   If it were a new and open question here, I might consider carefully whether or not the said stipulation and the order made by the Commission thereunder fixing the rate of one dollar and ten cents, and appellant's acceptance thereof, did not constitute such a situation; but I am bound to consider that this court in so determining the other appeal has decided to the contrary; because if not I can perceive no reason why it should not have reversed that order so made at Special Term and itself granted the motion to vacate the judgment herein, or at least to modify it.

In conclusion, I venture to remark that this proceeding appears to me to have been an attempt to short-circuit — that is, to evade — Judge Hughes' decision rather than to assail it by direct appeal.

If we reverse the judgment appealed from or modify it so as to limit its injunction to September 8, 1918, our determination cannot interfere with the right of either party to insist upon the rate of one dollar and ten cents, since so established by the Commission.

I advise, therefore, that the judgment appealed from be modified so as to limit its injunction to September 8, 1918, and as so modified affirmed, without costs.

JENKS, P. J., RICH, KELLY and JAYCOX, JJ., concurred.

Judgment modified so as to limit its injunction to September 8, 1918, and as so modified affirmed, without costs.