GERALD MORRELL, Plaintiff, *v.* BROOKLYN BOROUGH GAS COMPANY, Defendant.

(Supreme Court, Kings Special Term, September, 1920.)

Gas companies — when public service commission is without power to fix rates — gas company must fix reasonable rate — right of a consumer to maintain action to establish lower rate — pleading — injunctions.

The public service commission is without legal power to make an order fixing a gas rate in excess of the statutory maximum although the statutory rate has been adjudged confiscatory and void. *People ex rel. Municipal Gas Co.* v. *Public Service Com.,* 224 N. Y. 156, followed. (P. 68.)

A gas company owes to a customer the duty of furnishing gas at a reasonable rate, but a rate fixed by it which is excessive and not supported by statute or judgment of any court, is not presumptively reasonable, and a consumer may maintain a suit to establish a lower rate. (P. 71.)

An allegation that the rate fixed by defendant is unjust, unreasonable, excessive and exorbitant, and is more than sufficient to reasonably compensate the defendant for its public service, is a pleadable conclusion of fact, and the plaintiff is

not required to plead the evidentiary facts upon which such conclusion is based. (P. 68.)

An allegation of the complaint that defendant threatens to enter plaintiff's premises for the purpose of adjusting the meter so that it will register an excessive rate is admitted by a demurrer to the complaint. (Pp. 71, 72.)

A threat to so adjust plaintiff's meter is equivalent to a refusal by the defendant to furnish plaintiff with gas at a reasonable rate, and plaintiff's motion for an injunction *pendente lite* will be granted upon condition that he give an undertaking to pay defendant any sum directed by the final judgment. (P. 72.)

MOTION for injunction *pendente lite.*

Gerald Morrell, plaintiff, in person.

Bassett, Thompson & Gilpatric, for defendant.

SCUDDER, J. Defendant has not answered but has demurred to the complaint on the ground that it fails to state a cause of action. If the demurrer is well taken plaintiff, of course, is not entitled to the injunction which he seeks upon this motion. On the other hand, by not answering defendant admits the allegations of fact in the complaint, and consequently the affidavits which defendant submits in opposition to plaintiff's motion for an injunction cannot be considered in so far as they deny or contradict the facts alleged in the complaint.

The complaint is subject to criticism in that in form it is argumentative and contains many allegations which are only conclusions of law.

Omitting allegations which are legal conclusions, and those which are not deemed material in determining whether the complaint states a cause of action, the complaint in substance alleges as follows:

That plaintiff resides at and occupies the premises known as No. 2011 East Thirteenth street, city of

New York, borough of Brooklyn, and is a consumer of the gas manufactured and sold by defendant; that defendant is a corporation organized for the purpose of manufacturing and selling gas in the thirty-first ward of said borough; that on July 2, 1920, the public service commission for the first district made and issued an order, which, so far as material, provides as follows:

" 1. That the maximum price to be charged by the Brooklyn Borough Gas Company for gas shall be as follows:

" (a) On and after the date of this order, to and including July 31, 1920, $1.15 per thousand cubic feet of gas sold and delivered consumers.

" (b) On and after August 1, 1920, to and including July 31, 1921, $1.40 per thousand cubic feet of gas sold and delivered to consumers except as hereinafter provided."

After lengthy argument to the effect that the order of the public service commission is void and of no force and effect in law, and is not binding upon plaintiff or any consumer of defendant's gas, it is further alleged that the rate of one dollar and forty cents fixed by the order of the commission is unjust, unreasonable, excessive and exorbitant, and is more than sufficient to reasonably compensate the defendant for its public service; that defendant threatens and is about to enter plaintiff's premises to change the meter to conform to the rate of one dollar and forty cents per 1,000 cubic feet; that unless the order of the public service commission be declared invalid and nugatory there will be a multiplicity of actions instituted by consumers of defendant's gas for identically the same cause as that declared in plaintiff's complaint; that unless plaintiff is granted an injunction he will be irreparably damaged in his property by reason of

the trespass alleged, and in his payment of a gas rate in excess of what is just and reasonable; that until it is determined what is a just and reasonable rate, the damages are not commensurable, and that plaintiff therefore has no adequate remedy at law.

Before entering upon the discussion of the question whether or not the complaint states a cause of action, I will first state my conclusions on several points of law which are incidental to the discussion of that question.

Upon the authority of *People ex rel. Municipal Gas Co.* v. *Public Service Commission*, 224 N. Y. 156, it is my conclusion that the public service commission had no power to make the order fixing a rate for defendant in excess of the statutory maximum, although the statutory rate was adjudged confiscatory and void.

I am also of opinion that the allegation in the complaint that the one dollar and forty cent rate is unjust, unreasonable, excessive and exorbitant, and is more than sufficient to reasonably compensate the defendant for its public service, is a pleadable conclusion of fact. Plaintiff is not required to plead evidentiary facts upon which such conclusion is based.

Defendant by its failure to answer has admitted that it is attempting to exact from plaintiff and other consumers of its gas an excessive charge for its gas. It is concluded by such admissions upon this motion; it cannot be permitted to both admit and deny at the same time, and the affidavits which it submits to support the reasonableness of the rate which it is attempting to enforce can not be considered.

It has been adjudicated that chapter 604 of the Laws of 1916 amending chapter 125 of the Laws of 1906 so as to fix a minimum rate of eighty cents per 1,000 cubic feet of gas throughout the borough of Brooklyn is confiscatory, and, therefore, unconstitu-

tional and void. *Brooklyn Borough Gas Co.* v. *Public Service Commission,* 17 State Dept. Rep. 81. Although it seems not to have been decided whether the holding of the eighty cent rate provided by the act of 1916 invalid, revived the dollar rate provided by the former act of 1906 (*Public Service Commission* v. *Brooklyn Borough Gas Co.,* 189 App. Div. 62), nevertheless, it will be assumed upon this motion that the former statutory dollar rate was not revived, since both parties to the present action seem to contend that there is no statutory rate binding on the defendant.

Gas companies like common carriers and other public service corporations owe duties to the public under the common law, independent of statute or contract, and one of the principal duties is that they shall charge only a reasonable rate for their services. *Lough* v. *Outerbridge,* 143 N. Y. 271, 277; *People* v. *Budd,* 117 id. 1, 9; *Brooklyn Union Gas Co.* v. *City of New York,* 50 Misc. Rep. 450, 458; affd., 115 App. Div. 69; 188 N. Y. 334; *Munn* v. *Illinois,* 94 U. S. 113, 126.

I cannot, however, agree with the contention of defendant's counsel that because the statutory rate has been declared unconstitutional and void that defendant may resort to the common-law right of owners of public utilities, within reasonable limits, to fix their own prices for services rendered.

Nor can I agree with the further contention that it is to be presumed that a gas rate which defendant itself has fixed is reasonable. It seems to me the presumption is to the contrary because defendant is an interested party.

Modern legislation governing public utility corporations has abrogated the ancient common-law rule in so far as it permitted owners of public utilities to fix their own prices.

The Public Service Commissions Law of this state provides in reference to gas corporations that their charges for gas " shall be just and reasonable and not more than allowed by law or by order of the commission having jurisdiction." § 65 (1).

In the present case defendant asks the court to hold that the statutory rate being void and the public service commission having no power to fix the rate, the rate fixed by defendant is to be deemed a charge " allowed by law," and is therefore to be presumed just and reasonable.

I cannot so hold. It is clearly the intention of the legislature by this provision of the statute to take away from gas corporations any power to fix their rates and to determine themselves what is just and reasonable.

The failure of the legislature properly to fix the rate, and the public service commission being without jurisdiction to make a rate, of necessity creates an implication that the courts are to fix the rate since the purpose of the statute would be defeated if defendant was allowed to fix its own rate.

It seems to me error to take the position that courts may determine that a gas rate is too low to be fair to the corporation and is too high to be fair to the consumer, yet has no power to determine the rate that will be fair to both.

From what is said by the Court of Appeals in the case of *Municipal Gas Co.* v. *Public Service Comm.*, 225 N. Y. 89, it seems to me that that court was of opinion that a gas corporation under circumstances like unto those presented in this case may bring an action in equity to establish a fair rate which will be binding on public officers and consumers.

In the case last above referred to the court says (at p. 101): " The final question is whether the

remedy at law is exclusive of one in equity. The plaintiff has 26,000 customers in the city of Albany. Their rights cannot be adjudicated at law without endless litigation. They will not yield, unless under compulsion, to the demand for higher rates.  *  *  *  The defendants are public officers charged with special duties in the enforcement of the statute (*Ex parte Young,* 209 U. S. 123, 156). They assert a purpose to enforce it. With them may appropriately be joined representatives of the class of consumers, who will be bound by the decree (Code Civil Procedure, section 448). In a single comprehensive action, the plaintiff seeks a judgment which will end the controversy forever. We think the suit is well conceived.''

The rate defendant is attempting to enforce is not supported by statute or judgment of any court. The order of the public service commission was void. The rate has not in any way been allowed by law and there is no presumption that it is reasonable.

If a gas corporation may maintain a suit in equity, as the Court of Appeals has held it may in the *Municipal Gas Co. Case, supra,* to establish a higher rate where the statutory rate is confiscatory, there seems to be no good reason why the consumers of gas may not maintain a suit to establish a lower rate where the rate of the gas corporation is excessive.

Sufficient facts are alleged in the complaint to entitle plaintiff to equitable relief by way of injunction.

The defendant gas company is exercising a public franchise and enjoying special privileges for private gain. It owes to plaintiff, a consumer, the duty of furnishing him gas at a reasonable rate. It is charged in the complaint that defendant threatens to enter plaintiff's premises for the purpose of adjusting the

meter so that it will register at an excessive rate. This charge defendant admits by demurring.

Defendant's threat to adjust plaintiff's meter at an excessive rate is equivalent to a refusal by defendant to furnish plaintiff with gas at a reasonable rate. The case is one of which a court of equity can take cognizance. Courts of equity have frequently interfered by injunction in cases of similar or analogous character. *Richman* v. *Consolidated Gas Co.*, 114 App. Div. 216, 223; affd., 186 N. Y. 209.

The fact that what is a reasonable rate has not been legally fixed and established, and that there is a dispute between the gas company and the consumer as to what the rate should be, does not prevent the granting of an injunction pending the action. *Sickles* v. *Manhattan Gas Co.*, 64 How. Pr. 33. The proper rate can be determined by the judgment, and plaintiff may be required to pay an additional sum for gas if the temporary rate fixed by the injunction order is too low. The defendant can be fully protected by requiring plaintiff to give an undertaking to pay any sum which the judgment may direct him to pay.

Motion for injunction granted. Undertaking $500.

Motion granted.