MARTIN M. DUITZ, Plaintiff, v. KINGS COUNTY LIGHTING COMPANY, Defendant.

(Supreme Court, Kings Special Term, March, 1921.)

Injunctions — temporary — statutes — gas    companies — rates — federal courts — leave to intervene denied public service commission — Public Service Commissions Law, § 65.

While defendant, presumably pursuant to an order of the public service commission, was making a charge of ninety-five cents per 1,000 cubic feet for gas furnished to private consumers, it brought an action in a federal court against the public service commission and others with result that a decree was duly entered adjudging that both the statute (Laws of 1906, chap. 125) fixing the maximum rate at one dollar per 1,000 cubic feet and the act (Laws of 1916, chap. 604) purporting to amend the same, were unconstitutional as confiscatory and restraining the enforcement of either of said statutes. Two days after the entry of such decree defendant filed with the public service commission a schedule increasing its rate to one dollar and a half and immediately began to charge its private consumers at that rate. *Held,* that in an action to have the dollar and a half rate adjudged excessive and exorbitant, the fact in issue could not be determined upon affidavits on a motion for a temporary injunction restraining the receipt by defendant of any sum based on such rate or in excess of the ninety-five cent rate, and that plaintiff's presentation of facts did not point so clearly to his ultimate success in the action as to justify the granting of the motion. (Pp. 16, 17.)

Upon the entry of the decree in the federal court action, which by express reference thereto adjudged the invalidity of the statute of 1906, irrespective of the amendatory act of 1916, the ninety-five cent rate became ineffective and cannot be enforced as *prima facie* compensatory. There was, therefore, no legal barrier which prevented the defendant fixing a rate deemed by it to be reasonably remunerative in the absence of any rate prescribed either by the legislature or by the public service commission. (Pp. 17, 18.)

*Morrell* v. *Brooklyn Borough Gas Co.,* 113 Misc. Rep. 65, distinguished. (P. 19.)

The presumption that the reasonableness of a dollar and seventeen cent rate established by a finding in the federal court action would continue for several months, was negatived and destroyed by proof of changed conditions, and defendant was also entitled to invoke the presumption that it had not violated section 65 of the Public Service Commissions Law by fixing an unreasonable rate. (Pp. 19, 20.)

Motion for an injunction granted to the extent of restraining defendant from removing its meter from plaintiff's house or shutting off the supply of gas for failure to pay the increase over the ninety-five cent rate prior to the expiration of thirty days from the date of defendant's filing its new schedule, and in all other respects denied. (P. 20.)

The court will not either directly or indirectly sanction a violation of the decree of the federal court and until an application by the public service commission for a modification of said decree is granted, its motion for leave to intervene will be denied but a motion by the city of New York for leave to intervene will be granted. (P. 21.)

Motion for an injunction *pendente lite* and motion to intervene.

Maxwell S. Harris, for plaintiff.

Ingraham, Sheehan & Moran (Samuel F. Moran and John D. Monroe, of counsel), for defendant.

John P. O'Brien, corporation counsel (Judson Hyatt, of counsel), for city of New York.

Terence Farley and William S. Jackson, for public service commission.

Aspinall, J. It is alleged in this action that since about the year 1914, and until October, 1920, the defendant charged for gas furnished to private consumers at the rate of ninety-five cents per 1,000 cubic feet; that on or about the 23d day of October, 1920, the defendant increased said rate to one dollar and fifty cents without giving and publishing the thirty days' notice of such change of rate as required by the

Public Service Commissions Law; and that the gas so furnished is inferior in quality and below the standard required by statute. The relief prayed for is a decree adjudging the present rate to be excessive, exorbitant and beyond what is necessary to reasonably compensate defendant for its public service, and a permanent injunction restraining the collection of any sum based on any other than a reasonable rate. The present motion is for a temporary injunction restraining the defendant during the pendency of the action from asking, demanding or receiving any sum based on the one dollar and fifty cent rate or in excess of the previous ninety-five cent rate, and for certain other relief.

In my opinion a brief reference to certain statutes and to prior litigation is necessary to a proper consideration of the motion. By *chapter 125 of the Laws of 1906,* the legislature fixed a maximum rate, applicable to defendant, of one dollar per 1,000 cubic feet. On or about July 1, 1914, the defendant reduced its rate to private consumers to ninety-five cents per 1,000 cubic feet. Although it does not clearly so appear from the papers before me, I assume that such action by the defendant was taken pursuant to an order of the public service commission to that effect. In any event that rate continued until increased to one dollar and fifty cents as aforesaid. *Chapter 604 of the Laws of 1916* purported to amend the act of 1906 by reducing the rate to eighty cents per 1,000 cubic feet. In May, 1920, the defendant herein brought an action in the United States District Court for the Southern District of New York against the public service commission and others, with the result that on October 20, 1920, a decree was duly entered in that action adjudging that the said acts of 1906 and 1916, in so far as they limit the rate to be charged (by this defendant)

for gas supplied by it, were confiscatory, and so unconstitutional and restraining the enforcement of either of said statutes. Thereupon, and on October 22, 1920, the defendant filed with the public service commission a schedule increasing its rate to one dollar and fifty cents as aforesaid and immediately began to charge its private consumers at that rate. Subsequently and on December 30, 1920, the public service commission moved to vacate the injunction granted in the federal action on the ground of failure to comply with the statute requiring thirty days' notice of a change of rate and on the further ground that the one dollar and fifty cent rate was excessive. The motion was denied, and in his opinion denying the motion the district judge stated that any profit represented in the one dollar and fifty cent rate was not so " grossly inequitable as to shock the conscience."

The ultimate fact in issue in this action, whether or not the one dollar and fifty cent rate is excessive, cannot be determined upon affidavits; and I do not think the facts presented by the plaintiff on this motion point so clearly to his ultimate success as to justify an injunction *pendente lite.* Had the defendant fixed a rate in excess of a rate ordered by the public service commission after a hearing pursuant to section 72 of the Public Service Commissions Law, the plaintiff would be entitled to the temporary relief sought. But the commission has made no such order since the decree in the federal action. Also, if said rate exceeded the maximum rate prescribed by any state statute, this of itself would entitle plaintiff to injunctive relief *pendente lite.* But such is not the fact. The legislature has not acted since the decree in the federal action adjudging the confiscatory character of the acts of 1906 and 1916. There is, therefore, no statutory rate obligatory upon the defendant

Supreme Court, March, 1921.        [Vol. 115.

at the present time. And the ninety-five cent rate established by the commission in 1914 necessarily, it seems to me, became ineffective upon the entry of the decree in the federal action. It will be noted that the act of 1916 purports to *amend* the act of 1906. Nevertheless, the decree in the federal action, by express reference thereto, adjudged the invalidity of the said act of 1906 irrespective of the amendatory act of 1916. Presumably the purpose was to avoid the contention that the invalidity of the amendatory act of 1916 revived the original act of 1906 and so re-established the maximum rate of one dollar therein prescribed. Certain it is that the form of the decree in the federal action indicated the purpose of the court to declare the confiscatory character of the one dollar rate prescribed by said act of 1906. If this be so, surely the ninety-five cent rate established by the commission cannot be enforced as *prima facie* compensatory when the one dollar rate established by the legislature itself has been adjudged confiscatory. There is, therefore, no valid rate established by statute or by the public service commission. Such being the situation, I am aware of no legal barrier which prevented the defendant fixing a rate deemed by it to be reasonably remunerative. The temporary failure in a given instance of the legislative plan for the regulation of public service corporations does not leave such corporations helpless and divested of every right and power ordinarily incident to private ownership. Rather are they thereby re-clothed with the powers necessary to effectuate their corporate purposes, freed from the restrictions of a legislative plan that has for the moment failed. In such a situation, and until a valid rate is established pursuant to law, the defendant may determine its own rate. Either this, or a chaotic condition results whereby each individual

consumer becomes a law unto himself to fix a rate beyond which he will not pay. The case of *Morrell* v. *Brooklyn Borough Gas Co.,* 113 Misc. Rep. 65, is distinguishable. The question there involved was the validity of a rate fixed by the commission in excess of the statutory rate. It was held that the prior adjudication of the invalidity of the statute as to the defendant did not destroy the statute itself and that the commission was without power to fix a rate in excess of the rate therein prescribed. Its action in so doing was *prima facie* invalid. Moreover, the enforcement of the one dollar and forty cent rate, considered as representing the independent action of the company, was properly enjoined because in excess of the then existing rate of one dollar and fifteen cents established by the *commission,* the validity of which was not attacked in that action. But the present case involves only the question of the validity of a rate established by the defendant itself in the absence of any rate prescribed either by the legislature or by the commission.

Neither does a consideration of the facts presented by the plaintiff change my views. He emphasizes the finding of the special master in the federal action that a rate of approximately one dollar and seventeen cents would yield the defendant a fair return on its investment. This finding must be considered in light of the issue then pending. That issue was the confiscatory character of an eighty-cent rate rather than the determination of what would be a remunerative rate in the future, a determination which the court expressly refused to make or suggest. Several months have intervened since the entry of that decree. Plaintiff has added nothing to the force of that finding, and has offered no proof that the then *status quo* should be maintained. But the defendant has shown that

since the entry of that decree it has contracted for its oil supply for six months at an increased cost of approximately twenty-five per cent, has expended upwards of $500,000 for repairs and is confronted with an increased tax rate of about one per cent. These and other facts justify a rate in excess of any rate deemed reasonable at the date of the decree in the federal action. The presumption that the reasonableness of any rate then determined would continue for the limited period of five months is destroyed by proof of changed conditions. Defendant has negatived such presumption. Moreover, the defendant is entitled to invoke the presumption that it has not violated the provisions of section 65 of the Public Service Commissions Law by fixing an unreasonable rate.

However, in view of the decision in *Public Service Commission* v. *Brooklyn Borough Gas Co.*, 189 App. Div. 62, 72, I doubt if defendant's one dollar and fifty cent rate could become effective, legally, until the expiration of thirty days from the date of the filing of its schedule. This would be on or about November 21, 1920. It fairly appears that of the balance owed to the defendant by the plaintiff, two dollars or thereabouts represents an increase caused by charging the plaintiff at the rate of one dollar and fifty cents prior to November 21, 1920. Plaintiff may have an injunction to this extent restraining the defendant from removing its meter from plaintiff's house or shutting off his supply of gas for failure to pay such increase made prior to said date but in every other respect the motion for a temporary injunction is denied.

In my opinion the application of the public service commission to intervene should be denied. The decree in the federal action expressly restrained and enjoined the public service commission, among other things,

"*from interfering with plaintiff* (the defendant herein) *forthwith, and while this decree is in force, charging, billing and collecting a rate or charge in excess of that fixed by said statutes or either of them for gas supplied to its consumers other than the City of New York.*" The direct purpose of this action is to prevent defendant from charging a rate in excess of that fixed by the said acts of 1906 and 1916. In my opinion this court should not sanction, either directly or indirectly, a violation of the decree of the federal court. The federal court should be requested to modify its said decree to the extent of permitting such an application as this to be made and until this be done and such request granted the application of the public service commission to intervene in this action should be denied and I, therefore, deny the same. I am also of the opinion that the city of New York should be allowed to intervene in this action under the decision and authority of the Appellate Division in this department in the case of *New York & Richmond Gas Co. v. Nixon,* 192 App. Div. 923. Motion of the city to intervene granted.

Motion granted.